Tbe opinion of tbe Court was delivered by
DargAN, Ch.
But little need be said in explanation of tbe judgment of tbe Court in this case, and that little will bave relation to tbe character of tbe instrument, wbicb is tbe subject matter of tbe controversy.
In tbe Commissioner’s report, it is stated, tbat on tbe 22d January, 1846, tbe plaintiff executed to Tbomas W. Huey, defendant’s intestate, a bill of sale for five negroes, viz: Nelly and ber four children, Grace, George, Carey, and Bausom, in consideration of tbe sum of fifteen hundred dollars. On tbe same day, Huey executed to tbe plaintiff, an instrument called a bond, reciting, tbat be bad tbe same day “ taken from B. Mosely, a bill of sale for five negroes, viz: Nelly, Grace, George, Carey, and Bansom, and hired tbe same to said Mosely for twelve months, binding himself, bis heirs, executors and administrators, to return said five negroes, (if alive when called for,) to tbe said Mosely, bis heirs or assigns, whenever said Mosely, or bis heirs, or assigns, pays me tbe true amount due me, as notes and receipts will show.”
Thte Chancellor who beard this cause on tbe circuit, held this instrument to be a mortgage; as it is, to all intents and purposes. Any conveyance of property to be held as a security for tbe payment of a debt, or tbe performance of any other contract, or covenant, is a mortgage whatever may be its form; whether tbe defeasance be expressed in tbe conveyance, or in another instrument collateral thereto ; and in this *343 Court, eren though tbe defeasance or condition should rest entirely in parol. Whenever this distinguishing and predominant feature is stamped upon the instrument, either by internal evidence, or evidence derived aliunde, all the legal consequences follow, and all the doctrines of this Court apply to it as a mortgage. Subject to the essential principle that a conveyance of property to be held as a security, is a mortgage ; transactions of this nature in other and subordinate respects admit of infinite modifications, as the parties may contract. In all cases, the right of redemption exists. In most cases, it is stipulated, that the mortgagor is to retain possession until a breach of the condition. In some instances, as in the present case, the mortgagee is to have the possession. The parties may, (as they do often) variously stipulate as to the application of the mesne rents and profits. And numberless minor conditions and covenants may be introduced into the agreement, and become binding upon the parties, as the law of the contract.
The possession of the property by the mortgagor, being consistent with the rights of the mortgagee, is never a bar to his claim to have satisfaction of his debt out of it. But the possession of the mortgagee is sometimes a bar to the mortgagor’s equity of redemption.
In this case, by the contract of the parties, the mortgagee was to have possession of .the negroes, until called for by the mortgagor: when on paying the “ true amount” of the debt, for which the negroes were mortgaged, the mortgagor was to have restitution of his negroes. The mortgagee then hired the negroes to the mortgagor at stipulated sums for their annual hire. Under arrangements like this, the negroes continued in the possession of the mortgagor for more than two years subsequent to the date of the mortgage.
In the meantime, Mosely the mortgagor had given to Huey, (the mortgagee,) a note for two thousand, two hundred and sixty-one dollars, bearing date 4th February, 1847, pay *344 able one day after date; and on 5tb February, 1847, be confessed a judgment to Huey for the amount due upon this note: upon which confession, an execution was issued, and lodged with the sheriff, on 1st March, 1847. Also, one Laban Ferguson had instituted a suit against Mosely, recovered a judgment, and sued out an execution against him, which execution was lodged with the sheriff on the 25th April, 1848.
These negroes had come into the possession of Huey, in what manner, and at what time, does not clearly appear. "While in his possession, they were levied upon by the sheriff under Ferguson’s junior execution; and two of them, Nelly and Merit (one of Nelly’s children after the mortgage,) were sold by the sheriff to Huey, on the 5th of February, 1849 ; and Grace, Carey, and Eansom, were sold by the sheriff to Huey on the 6th March, 1849 ; all at nominal prices. George, one of the original number, was not sold by the sheriff, but at, or before the sale, had passed into the possession of Huey by virtue of a bill of sale from the plaintiff to Huey, dated the 18th February, 1848. By virtue of such a title as the foregoing facts will make out, and establish, Thos. W. Huey, the defendant’s intestate was in possession of the negroes, the subject matter of this litigation, for at least four years; from 6th March, 1849, to the time of his death which occurred in 1854.
The Chancellor who tried the cause on circuit, considering the instrument of 2 2d January, 1846, as a mortgage, held, that the equity of redemption was barred by the Act of 1712,15 section, 2 Stat. 587. That Act provides, that two years possession by the mortgagee of a chattel, after a breach of the condition, should operate as a bar to the equity of redemption. This Court concurs in that view. The statute was applied in the case of Hogan vs. Hall, 1 Strob. Eq. 323. In this case, the bill of sale was absolute on its face, and the condition which made it a mortgage was proven by parol.
*345 In tbe case before tbe Court, if tbe equity of redemption was gone, tbe negroes were tbe property of tbe defendant’s intestate at tbe filing of tbe bill, and tbe claim for tbeir bire was unfounded.
Besides tbe claim for tbe equity of redemption, tbe bill prayed for an account generally, between tbe plaintiff and tbe defendant’s intestate. Tbis was ordered, -and tbe Commissioner bas reported. Tbe other grounds of appeal in tbis case relate to matters of account, and questions of fact raised on tbe report. As to these, we see no reasons for disturbing tbe circuit decree.
It is ordered and decreed, that tbe circuit decree be affirmed, and that tbe appeal be dismissed.
JOHNSTON and Wardlaw, CC., concurred.

Appeal dismissed.